UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARCEO, | CASE NO.   1:10-cv-00427-MJS (PC) |
| Plaintiff, | ORDER DENYING MISCELLANEOUS MOTIONS |
| v. | |
| DR. SMITH, et al., | (ECF Nos. 3 & 9) |
| Defendants. | |

**ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Anthony Acreo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his Complaint on March 5, 2010. (ECF No. 1.) He consented to Magistrate Judge jurisdiction on April 16, 2010. (ECF No. 8.) No other parties have appeared in this action. The Court has not yet screened Plaintiff's Complaint.

Pending before the Court are Plaintiff's "Motion to File Enlarged Medical and Appeal Writ for Damages, Injunction, and Trial" and Motion for Injunction and Temporary

1

Restraining Order. (ECF Nos. 3 & 9.)

## II. MOTION FOR ENLARGEMENT

The Court is not certain what relief Plaintiff seeks in this motion. Plaintiff states that he would like to file an extraordinary writ for "denial of healthcare and appeal." Plaintiff goes on to state that he could only obtain 25-lined paper, not 28, and that he exceeded the page limit by four.[1] He requests that the Court take judicial notice, but does not identify what he wants the Court to judicially notice.

The Court construes Plaintiff's Motion as a request that his Complaint be accepted by the Court even though he believes it exceeds the Court's page limitation. Plaintiff's Complaint has been filed. It is in line for screening by the Court. All pages of it will be considered when it is screened Accordingly, as construed, Plaintiff's Motion is MOOT and DENIED on that ground.

If the Court misconstrued Plaintiff's Motion, Plaintiff is free to re-file it. However, Plaintiff should be more specific in his request. He must also keep in mind that the relief he seeks in his Complaint will not be addressed until it is screened.

## III. MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff appears to be asking the Court to stop prison officials from going through, tampering with, vandalizing, and destroying his personal property. Plaintiff is also asking that Officer Priciotta be removed from "Tuolumne Yard 'building five' for retaliation." (ECF

---

[1] Plaintiff appears to be citing the Federal Rules of Appellate Procedure in support of his motion. The Federal Rules of Appellate Procedure do not apply here. The Federal Rules of Civil Procedure govern proceedings in this District Court.

No. 9, p. 3.)

A temporary restraining order (TRO) may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant (or his attorney) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required. See Fed.R.Civ.P. 65(b).

The standards for a TRO are essentially the same as that for a preliminary injunction. To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008)). The Ninth Circuit has also held that the "sliding scale" approach applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives Winter and continues to be valid. Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010). Under this sliding scale, the elements of the preliminary injunction test are balanced. As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary

injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In support of his request, Plaintiff attempts to address the five criteria: He claims that the continuing deprivation of his constitutional rights (due process and medical care) is irreparably harming him, the balance of hardships favors him, he is likely to succeed on the merits, and the public interest will be served by granting the motion because it is always in the public interest for prison officials to obey the law.

The Court finds that at this stage in the proceedings, Plaintiff has failed to meet the legal prerequisites for injunctive relief.   First, Plaintiff has not demonstrated that he will succeed on the merits of his case.  He simply states that he will succeed.  That is insufficient.  Second, his claimed harm does not appear to be irreparable.  In fact, Plaintiff states that he repairs the pages of books and magazines when torn and replaces what he can. Plaintiff does make a statement that the tampering causes him to be denied access to the courts, but he does not say how or why this is so or indicate that legal materials are being tampered with.  Thirdly, Plaintiff states that the balance of equities tips in his favor, but does not explain why or how.  It also is noted that the person against whom Plaintiff seeks injunctive relief, Officer Priciotta, is not named as a defendants in this action and thus is not subject to the Court's injunctive power.

Because Plaintiff has not met all standards required to be granted injunctive relief, the Court ORDERS that Plaintiff's Motion for a Temporary Restraining Order be DENIED.

Plaintiff's Complaint, which is yet to be screened, also requests similar relief.  In the

4

event the Court finds that the Complaint states a cognizable claim, the Court will revisit Plaintiff's request for injunctive relief as outlined in the Complaint. However, at this time, Plaintiff's Motion is denied.

**IV.    CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to File Enlarged Medical and Appeal Writ is DENIED as MOOT; and

2. Plaintiff's Motion for a Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Dated:   January 29, 2011          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

5