# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY ARCEO, | CASE NO. 1:10-cv-00427-MJS (PC) |
| Plaintiff, | ORDER DENYING MISCELLANEOUS MOTION |
| v. | |
| DR. SMITH, et al., | (ECF No. 14) |
| Defendants. | |

**ORDER**

I. **PROCEDURAL HISTORY**

Plaintiff Anthony Arceo ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed his Complaint on March 5, 2010. (ECF No. 1.) He consented to Magistrate Judge jurisdiction on April 16, 2010. (ECF No. 8.) No other parties have appeared in this action. The Court has not yet screened Plaintiff's Complaint.

Pending before the Court is Plaintiff's "Notice and Notice of Motion for Court Order." (ECF No. 14.)

## II. MOTION

Plaintiff seeks an order from this Court (1) directing the Warden of Deuel Vocational Institute ("DVI") and Sheriff Coroner to immediately return all of Plaintiff's legal work, materials, documents, law books, and papers; (2) requiring that Plaintiff have meaningful access to the court and the law library; and (3) requiring Plaintiff be given certain materials including pen fillers, lined paper, etc.  In an attached Declaration, Plaintiff states that he was scheduled for release in November of 2010, and intended to continue pursuing this action when he was released.  Instead of being released, he was taken to DVI prison with all of his legal work which was deposited with R&R.  Plaintiff states that he is being denied access to his work and to the law library.  Plaintiff further alleges in his declaration that he is fighting a life sentence, has been retaliated against, had a court hearing, is being held in administrative segregation, cannot sharpen his pencil because the sharpener is too high, and that a law clerk refuses to help him.

The Court construes Plaintiff's Motion as a request for injunctive relief.

A temporary restraining order (TRO) may be granted without written or oral notice to the adverse party or that party's attorney only if:  (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant (or his attorney) certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  See Fed. R. Civ. P. 65(b).

The standards for a TRO are essentially the same as that for a preliminary injunction.  To be entitled to preliminary injunctive relief, a party must demonstrate "that he

2

is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008)). The Ninth Circuit has also held that the "sliding scale" approach it applies to preliminary injunctions as it relates to the showing a plaintiff must make regarding his chances of success on the merits survives Winter and continues to be valid. Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1052-53 (9th Cir. 2010). Under this sliding scale, the elements of the preliminary injunction test are balanced. As it relates to the merits analysis, a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Here, Plaintiff mentions nothing substantive about his underlying case; there is nothing upon which the Court could conclude that he is likely to succeed on the merits. He does not state, much less demonstrate, that he is likely to suffer irreparable harm in the absence of intervention by this Court. At this stage in the proceedings, Plaintiff is not facing any deadlines in his case; his Complaint is yet to be screened by the Court. Plaintiff does not refer at all to the public interest or the balancing of equities.

The Court finds that Plaintiff has failed to meet any of the legal prerequisites to a grant of injunctive relief. Accordingly, the Court ORDERS that Plaintiff's Motion for

injunctive relief be DENIED.

**III.   CONCLUSION**

      Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion is DENIED.

IT IS SO ORDERED.

Dated:   February 3, 2011          /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE